Matter of Mars (2025 NY Slip Op 00964)

Matter of Mars

2025 NY Slip Op 00964

Decided on February 19, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
CARL J. LANDICINO, JJ.

[*1]In the Matter of Audrey A. Mars, admitted as Audrey Ayanna Mars, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Audrey A. Mars, respondent. (Attorney Registration No. 5141734)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 1, 2013.

Catherine A. Sheridan, Hauppauge, NY (Rona I. Kugler of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On September 3, 2024, the Grievance Committee for the Tenth Judicial District served the respondent by electronic mail and first-class mail, pursuant to this Court's order dated August 29, 2024, authorizing substituted service, with a notice of petition and a verified petition, both dated July 8, 2024, and duly filed those papers with this Court together with an affidavit of service. The petition contains four charges of professional misconduct, alleging that the respondent failed to keep a client reasonably informed about the status of her case, failed to promptly comply with a client's reasonable requests for information, thereafter failed to cooperate with two disciplinary investigations by the Grievance Committee, failed to appear or produce documents pursuant to two judicial subpoenas, and engaged in conduct that adversely reflects on her fitness as a lawyer, in violation of rules 1.4(a)(3) and (4) and 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
The notice of petition directed the respondent to file her answer to the petition within 20 days after service upon her of the notice of petition and the petition. To date, the respondent has not filed an answer to the petition, as directed, nor requested additional time in which to do so.
The Grievance Committee now moves to deem the charges against the respondent established based upon her default and to impose such discipline upon her as this Court deems appropriate. Although the motion papers were duly served upon the respondent on October 7, 2024, she has neither opposed the instant motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion to deem the charges against the respondent established based upon her default is granted, the charges in the petition dated July 8, 2024, are deemed established, and, effective immediately, the respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, DUFFY, BARROS and LANDICINO, JJ., concur.
ORDERED that the motion of the Grievance Committee to deem the charges in the petition dated July 8, 2024, established is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Audrey A. Mars, admitted as Audrey Ayanna Mars, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Audrey A. Mars, admitted as Audrey Ayanna Mars, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Audrey A. Mars, admitted as Audrey Ayanna Mars, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Audrey A. Mars, admitted as Audrey Ayanna Mars, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court